MRS. JOANNA MARTIN, Appellant, v. THE INCORPORATED TOWN OF ST. ANSGAR, ET AL., Appellee.

**Municipal corporations:** STREET LINES: RIGHTS OF ABUTTING OWNER. Where the original construction of a sidewalk by an abutting property owner was in compliance with an order of the town council, and for a long series of years it remained in that place without objection on the part of the municipality, and the abutting owner occupied and improved his property up to the walk, before the municipality can dispossess the owner of his property on the claim that he is occupying part of the street, the public right thereto must be established by clear and unequivocal testimony.

*Appeal from Mitchell District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, MARCH 25, 1914.

PROCEEDING to restrain the defendant from removing a sidewalk from in front of plaintiff's property under the claim that it is not on the true line. From a decree dismissing plaintiff's petition, she appeals.—*Reversed.*

*William H. Salisbury,* for appellant.

*George E. Marsh,* for appellees.

WITHROW, J.—I. The plaintiff is the owner of lots 2 and 4 in block 14 in the incorporated town of St. Ansgar, in Mitchell county; her ownership and use of the property for residence purposes having continued for more than thirty-five years. About the year 1876 there was laid a board sidewalk on the west side of her property, along Washington street and connecting with other sidewalks, and, since that date and up to 1911, it was maintained in the place where it was originally laid. In 1911 she caused to be laid a cement walk, a part of which was on the line designated by defendant as the true line, then for a considerable distance it followed the line of the old walk, angling at each end to connect with the sidewalk fronting adjacent property. The cement walk which she laid was in compliance with a resolution of the town council of St. Ansgar declaring the old walk to be insufficient and unsafe for public travel. Prior to 1911 action had been taken by the authorities of the town to have permanent sidewalks constructed along regular lines, thus doing away with the many jogs and angles in these thoroughfares which had been caused by the action of the different property owners in many instances determining for themselves the proper places to lay their walks. The line upon which plaintiff's walk was originally laid, it fairly appears, was on the line and at the grade fixed by and under the supervision of the defendant town. Following the notice to rebuild, which was given in 1911, the

plaintiff, who was represented by her son-in-law, who was acting for her, constructed the sidewalk, as stated, but before such was done, and while the work of preparation was under way, and it was evident that his intention was to lay the walk on the old line, a member of the town council warned him that the walk, as intended to be laid, would not be on the true line, and that he should not place it there. To this he gave no heed, and, after the construction of the walk, the council took action and caused to be served notice to remove it and place it upon the line adopted for the sidewalks, failing in which, within a fixed time the town would cause such to be done. Before the expiration of the time fixed by the council for the removal of the walk, application for a temporary injunction was made, and such was granted, restraining the town from acting.

The petition of the plaintiff charges, as sustaining her position, that the street in front of her premises, which had been accepted by the town of St. Ansgar, was of such a certain width that the sidewalk was on a proper line and in a proper place; that the street had never been accepted for its full width, but only for a part thereof, and to that which had not been accepted she claimed rights by adverse possession; that she planted trees and shrubs and made improvements of her lawn and garden in conformity with the sidewalk as originally laid; that no grade had ever been established on said street; that the order and notice directing her to construct the new walk did not specify the place where it was to be laid, and was illegal and void; that the place where she built the walk is the proper place for a sidewalk; that a pretended survey on which the town relies in an effort to fix the street intersections was faulty and untrue, and that the town is relying upon it to fix the lines of plaintiff's lots; that the town had kept and maintained street crossings and sidewalks in line with her old walk up to within the past six or seven years; and that, by reason of such acts of the town, and of her own acts in compliance with and reliance thereon, the town is now estopped

from ever claiming that the sidewalk is not in the proper place.

For its answer, the defendant admits the building of the sidewalk by plaintiff on the line stated by her, but says that such walk was maintained by her eight or ten feet in front of her premises, and in the public street; that the cement walk was laid by plaintiff against the protest of the defendant, and after notice had been given to her not to so place and lay said walk.

There was a trial under the issues raised, resulting in a dismissal of the action and a dissolution of the temporary injunction, from which the plaintiff appeals.

II. The evidence shows that the sidewalk originally built in front of appellant's property was in compliance with an order of the town council, based upon a petition of citizens; that an effort was then made to determine the true line; one witness who was at the time a member of the town council testifying that the council directed where the walk should be laid, and that, as he recalls it, a survey was then made to fix the line. Other walks were built at the same time, connecting with this one, and on the same line. The property of appellant was improved with reference to the line of the sidewalk as then laid, and, while no building was erected upon that part of the lot or street now in dispute, there was that use and improvement of the property with trees and shrubbery which indicated a claim and belief in ownership of the lot up to the line of the sidewalk. The sidewalk remained on this line when it was first built for a period of about forty years; and prior to 1900, which was more than thirty years after the walk was built, no question appears to have been raised disputing the right of appellant to so maintain it. In 1900, for the purpose of determining accurately the street intersections, and incidentally from such to ascertain the lines for permanent cement sidewalk construction, the town council caused a survey to be made by Mr. Brown, the county surveyor, the result of which was to fix the street line in front of appellant's resi-

dence about 9 feet nearer her house, and reducing the distance from the house to the sidewalk, if laid on the new line to fourteen feet.

The survey of 1900, made by Mr. Brown, appears to have been based upon lines run from a stone or monument on Fourth street at the intersection with Main street, although the surveyor is not of clear memory as to it, and he kept no notes. He gives it as his recollection that he lined up from other points, some of which were not definitely marked, to the stone on Fourth and Main streets, and from thence measured distances as shown by the town plat; but his evidence, even when supplemented by that of his assistant or chain man and other testimony upon that subject, does not clearly show that the points fixed by him were in conformity with the original survey of the town plat, nor that there was an accurate determination of controlling monuments.

We have gone over the record with care, and find it impossible to determine with that certainty required in cases of this nature as to the true lines. With this state of facts, we consider the legal conclusions which must be drawn from them.

III. It is the law that: "When ground has been improved and ornamented with trees and shrubbery, and used as private property within the sight and knowledge of the town and its officers, and without objection or remonstrance on their part for the period of an average lifetime, before dispossessing the citizen of such property, the public right thereto must be established by clear and unequivocal testimony." *Mt. Vernon v. Young*, 124 Iowa, 517; *Bridges v. Grand View*, 158 Iowa, 402.

The elements of fact in the foregoing proposition all appear in the present case, and we therefore are brought to the holding that, before the appellant can be disturbed in her possession, the burden of proof is upon the town to show that the line now claimed by it is the true line, not a line recently run as a basis for permanent improvements, but the line actually run and governing at the time the original improve-

ments were made by the appellant or her predecessor in title. Failing in such proof, when it appears, as here, that the improvement was made with reference to a line then determined and recognized as the true line, it is presumed to so be and have been until the contrary is clearly shown. We conclude, as indicated in the previous division of this opinion, that the burden upon the town has not been met, and that the occupancy of the appellant must be held to be rightful.

IV. These conclusions render it unnecessary for us to consider the questions of adverse possession, estoppel, or acquiescence, all of which were pleaded and relied upon by the appellant.

It follows that the appellant is entitled to a decree granting an injunction against the town of St. Ansgar restraining it through its officers and agents from interfering with her right of possession to the property in dispute.—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.